**Howard T. HOLMES et al., Petitioners,**

**v.**

**Cass R. WALDEN, Judge, et al.,
Respondents.**

Court of Appeals of Kentucky.

Sept. 28, 1965.

Marion Vance, Glasgow, for petitioners.

Uhel Barrickman, Richardson, Barrickman & Dickinson, Shelley Riherd, County Atty., Barren County, Glasgow, for respondents.

CLAY, Commissioner.

This is an original proceeding in this Court seeking prohibition and mandamus to suspend the enforcement of an injunction judgment entered by the Judge of the Barren Circuit Court. It was heard with a motion to stay proceedings under CR 65.07 and another prohibition proceeding filed by the Barren County Fiscal Court, and all involve the same controversy. Orders were entered in these three proceedings on September 15, 1965, and this opinion will document the reasons for our rulings.

On June 14, 1965, as provided in KRS 160.470(1), the Barren County Board of Education (hereafter referred to as "Board") submitted to the Barren County Fiscal Court (hereafter referred to as "Court") a proposed general budget for the fiscal year 1965–66 and requested the latter, as the proper levying authority, to impose a tax for general school purposes at the rate of $1.50 per $100 valuation of property subject to local taxation. Pursuant to such request, on June 29, the Court levied such a tax.

Shortly thereafter the Board apparently submitted the proposed budget to the State Board of Education for approval, as required by KRS 160.470(1). On July 13, pursuant to KRS 157.380(1), the Department of Revenue certified to the Superintendent of Public Instruction the equalized value of property in the tax district subject to taxation for school purposes. The Superintendent certified to the Board that the tax rate necessary to produce the required "local tax effort" to participate in the "public school foundation program fund" (hereafter referred to as "Foundation Program") would be $1.57 per $100 of assessed valuation. This in effect was disapproval of the budget and required an amended tax levy under KRS 160.470(1).

On August 2 the Board submitted to the Court an amended budget and requested a tax levy at the $1.57 rate. The Court declined to fix this amended rate and thus precipitated the principal suit by the Board against the Court to compel compliance. The circuit court granted the relief prayed by the Board and ordered the Court to levy

and impose a tax at the rate of $1.57 for general school purposes, and prohibited the clerk of the Court from delivering to the sheriff of Barren County any tax bills not based on such rate.

Under the statutes referred to above, the method prescribed for the preparation and approval of the school budget and the levying of school taxes appears somewhat awkward. In certain statutes July 1 is fixed as the cutoff date when certain steps should be taken, but those same statutes specifically provide that failure to meet that deadline and other deadlines shall not affect the validity of subsequent proceedings. See KRS 157.380, KRS 160.460(2), and KRS 160.470(1). The procedure is further complicated by the fact that the statutes relating to the Foundation Program (KRS 157.310 through KRS 157.380) are not adequately correlated with the school district financing program dealt with in KRS 160.460 and KRS 160.470.

However that may be, petitioners and the Board do not directly attack the procedures above outlined as violating the statutory method prescribed and normally followed. Their principal contention is that KRS 160.475(1) fixes a maximum school purpose tax rate of $1.50 (annually on each $100 of property subject to local taxation), and the Court can levy no higher rate. That this statute, considered alone, fixes such a maximum rate there can be no question. Two other statutes, however, clearly qualify the limitation of KRS 160.475(1).

KRS 157.380(4) provides:

"Any district's levy shall be at such rate as is necessary to provide the required local tax effort."

The "required local tax effort" is the amount of money from local revenue sources required to be provided by a school district in order that it may share in the distribution of funds from the Foundation Program (KRS 157.320(11); KRS 157.-350). While it might be suggested that participation in the Foundation Program is optional, it is clear that any school district, otherwise qualified under KRS 157.-350, has the right to qualify by requiring a sufficient tax levy.

■ Perhaps a serious problem of statutory construction would be presented if we considered only KRS 160.475(1), fixing the maximum $1.50 rate, and KRS 157.380(4), requiring a tax rate sufficient to provide local funds necessary to participate in the Foundation Program. It is apparent, however, that these two statutes are neither inconsistent nor ambiguous. They simply specify *two possible maximum rates.* Clearly the $1.50 rate would be effective as a maximum if the required local tax effort under the Foundation Program did not necessitate a higher rate. On the other hand, nothing in either of these statutes (or any other relevant statutes) would even suggest that the local tax effort rate could go up to $1.50 and no higher. If this were true, school districts such as the one in the present case, which must have additional income from local tax sources to comply with the Foundation Program, would be automatically knocked out of it (a consequence no school district could afford). Inevitably these two statutes must be given effect as complementary and not mutually or unilaterally restrictive.

That these statutes serve different purposes and fix two different maximum tax rate limitations was settled by the legislature itself when it enacted KRS 157.440. We quote the pertinent part of that statute:

"In addition to the local tax effort required by KRS 157.380, for participation in the equalization account of the public school foundation program fund, such districts or any other district may exceed this levy *or* the maximum levy provided by KRS 160.475 provided that, upon request of the board, the tax levying authority of the district shall adopt an ordinance or resolution submitting to the qualified voters of the district, in the manner of submitting and voting as prescribed in subsection

(1) of KRS 160.477, the question as to whether a rate of more than one dollar and fifty cents or the required local tax effort, *whichever rate is higher,* shall be levied." (Emphasis ours)

It is very plain the legislature in this statute has taken cognizance of the two entirely separate and distinct tax rate limitations of the statutes we have just discussed, KRS 157.380 and KRS 160.475. If the latter statute (fixing the $1.50 rate) were controlling, there could be no conceivable reason for the reference to KRS 157.380. Yet the legislature specifically provided that the maximum levy under *either* statute (thereby recognizing two different maximums) may be exceeded only by a vote of the people. To remove all doubt that one maximum may be higher than the other, the question to be submitted to the voters is whether an additional tax shall be added to that realized by the $1.50 rate *or* the required tax effort, *"whichever rate is higher"*. (Our emphasis)

■ There scarcely could be a plainer recognition that the required local tax effort may make necessary a rate in excess of $1.50. Since, as we have heretofore noted, a district is required to request and have levied a tax at such a rate as will qualify it to participate in the Foundation Program, and that rate has been properly certified to be $1.57, it is the maximum rate which the law allows. Only if the Board sought to exceed this rate would a vote of the people be required by KRS 157.440. Consequently the circuit court properly construed the law and properly required the Court to perform its duties.

The petitioners in this proceeding and the Court in the other proceedings have asserted several additional grounds why the judgment under attack is not only erroneous but void. All of these grounds, however, are anchored in the argument that since KRS 160.475 fixes a maximum tax limitation of $1.50, the circuit judge had no right, power or authority to compel the Court to levy a tax in excess of this rate without a vote of the people. Of course when this premise falls, all of petitioners' contentions fall with it. It is our opinion that the circuit court had jurisdiction of the subject matter and the parties; that it had authority to enter the judgment complained of; that its construction of the statutory law was correct; and that petitioners have been deprived of no rights, constitutional or otherwise, by the judgment.

We herewith confirm our Order of September 15, 1965, denying relief.